UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE SHOMO,

                                    Plaintiff,

                    v.

STATE OF NEW YORK, *et al.*,

                                    Defendants.
_____

DECISION
and
ORDER

18-CV-916W(F)

APPEARANCES:          JOSE SHOMO, *Pro Se*
                      01-A-0080
                      Fishkill Correctional Facility
                      Box 1245
                      Beacon, New York  12508

                      LETITIA A. JAMES
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for State Defendants
                      RYAN LANE BELKA
                      Assistant Attorney General, of Counsel
                      Main Place Tower
                      Suite 300A
                      350 Main Street
                      Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable Elizabeth A. Wolford on January 11, 2021, for pretrial matters.  The matter is presently before the court on Plaintiff's motions for alternative service, to compel, and for entry of default (Dkt. 17), filed October 14, 2020, and for appointment of counsel (Dkt. 26), filed April 16, 2021.

## BACKGROUND and FACTS[1]

On August 17, 2018, Plaintiff Jose Shomo ("Plaintiff"), proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, alleging Defendants, employees of New York State Department of Corrections and Community Supervision ("DOCCS") and assigned to Wende Correctional Facility ("the correctional facility") ("Wende Defendants"),[2] and employees of Erie County Medical Center Corporation ("ECMC Defendants"),[3] violated Plaintiff's rights under the First and Eighth Amendments as well as under the ADA.  Plaintiff asserted 13 claims for relief particularly alleging that while incarcerated at the correctional facility between December 2015 and November 2017, Defendants, in retaliation for lawsuits and grievances filed against them by Plaintiff while previously confined at the correctional facility between 2004 and 2007, failed to properly treat Plaintiff's medical condition, and subjected Plaintiff to inhumane conditions of confinement.

On November 19, 2018, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") (Dkt. 6).[4]  In an Order filed December 6, 2019 (Dkt. 8) ("December 6, 2019 Order"), then District Judge Elizabeth A. Wolford granted Plaintiff's request to proceed IFP, and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a),

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] The Wende Defendants include Defendants Exkert, Neal, Kue, Stubeusz, Thompson, Dolton, Young, Haurik, Baity, Cooperdock, Fourgerson, Miles, Chapman, Hyland, Mott, Nawvoski, Gabel, Adams, Roberts, Constanzo, Bretcher, Crossion, and Zagmester.

[3] The ECMC Defendants include ECMC, and Jane Does 1 and 2.

[4] Plaintiff previously moved on August 17, 2018 for leave to proceed *in forma pauperis* (Dkt. 2), which was denied by Order filed October 19, 2018 (Dkt. 4) because it was not accompanied by the required documentation, and the action was administratively terminated with Plaintiff permitted to reopen the action within 30 days by notifying the court within writing, along with a properly supported IFP motion or the required filing and administrative fee.  (Dkt. 5).  Plaintiff complied and on November 19, 2018, the action was reopened.

dismissing without prejudice and with leave to refile the second, seventh, tenth, eleventh, twelfth, and thirteenth claims, directed Plaintiff to file an amended complaint within 45 days of entry of the December 6, 2019 Order, and directed Defendants answer the Complaint upon service.  Chief Judge Wolford also ordered that if Plaintiff did not timely file an amended complaint, the Clerk of the Court was directed to cause the United States Marshal to serve copies of the Summons, Complaint, and the December 6, 2019 Order upon those Defendants not dismissed from the action.  Dkt. 8 at 33.  By Text Order entered January 15, 2020 (Dkt. 10), Plaintiff's deadline to file an amended complaint was extended to April 15, 2020.  Plaintiff, however, never filed an amended complaint and on June 16, 2020, summonses were issued for the Wende Defendants and the ECMC Defendants, and the Clerk's Officer forwarded service packets to the U.S. Marshal.  Summonses were returned unexecuted as to the Wende Defendants on September 16, 2020.[5]  Dkts. 14-16.

On October 14, 2020, Plaintiff filed the instant motion (Dkt. 17) ("Motion for Alternative Service") seeking alternative service on ECMC Defendants as well as on the Wende Defendants or, alternatively, to compel "Corporation Counsel" for Erie County to provide the U.S. Marshal with addresses for the unserved ECMC Defendants, and, for entry of default as to the served Defendants.  No summons was returned as to any of the ECMC Defendants.  On November 18, 2020, summonses were returned executed as to each of the Wende Defendants, except Bretcher, who filed their answer to the Complaint on January 8, 2021 (Dkt. 21).  On January 14, 2021, Cheryl Meyers Buth,

---

[5] The docket fails to indicate that summons was prepared and served on Defendant Bretcher, yet on January 14, 2021, Cheryl Meyers Buth, Esq. entered an appearance on Bretcher's behalf (Dkt. 23), filing an answer on April 19, 2021 (Dkt. 28).

Esq. entered an appearance on behalf of Wende Defendant Bretcher (Dkt. 23).  It is not clear from the record whether Dr. Samir A. Bute ("Dr. Bute"), and Dr. Stephen Asiedo ("Dr. Asiedo"), are ECMC Defendants or Wende Defendants.  In the December 6, 2019 Order, Drs. Bute and Asiedo are considered to be ECMC Defendants.  Dkt. 8 at 15-16. According to the docket, summonses were prepared for both Dr. Bute and Dr. Asiedo on June 16, 2020; the filed copies of the prepared summonses, however, do not include summonses for either Dr. Bute or Dr. Asiedo.  On August 11, 2020, unexecuted summonses were returned for both Dr. Bute and Dr. Asiedo (Dkts. 14 and 15), each listing a work address at ECMC, thereby indicating Plaintiff believes they are ECMC Defendants.  In contrast, Assistant Attorney General Ryan Lane Belka ("AAG Belka"), is listed as counsel of record for both Dr. Bute and Asiedo, and the answer filed by the Wende Defendants lists both Dr. Bute and Asiedo among the answering Defendants, Dkt. 21 at 1, strongly indicating Drs. Bute and Asiedo are Wende Defendants.

On April 1, 2021, Plaintiff submitted a letter to the undersigned (Dkt. 27) ("Plaintiff's Letter") seeking reconsideration of Plaintiff's earlier application for appointment of counsel.[6]  On April 16, 2021, Plaintiff moved for appointment of counsel (Dkt. 29) ("Motion for Counsel").  On April 26, 2021, Wende Defendants filed Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration and Renewed Motion for Counsel (Dkt. 30) ("Wende Defendants' Response").  On May 17, 2021, Plaintiff filed Plaintiff's Reply to Defendants' Opposition to Assignment of Counsel (Dkt. 31) ("Plaintiff's Reply").

---

[6] A thorough review of the record does not reveal any such earlier request made by Plaintiff.

Based on the following, Plaintiff's Motion for Alternative Service is GRANTED in part and DISMISSED as moot in part; Plaintiff's Motion for Counsel is DENIED.

## DISCUSSION

**1.      Motion for Alternative Service**

In Plaintiff's Motion for Alternative Service, Plaintiff explains that on June 22, 2020, the U.S. Marshal Service attempted service of process of the Summons and Complaint on each of the ECMC Defendants at their regular place of business located at ECMC at 462 Grider Street, Buffalo, New York, 14215, but the Summons and Complaint were returned bearing a notation that the listed mailbox number did not exist. Plaintiff's Motion for Alternative Service ¶¶ 1-3.  Plaintiff similarly maintains on June 22, 2020, the U.S. Marshals Service attempted service of process of the Summons and Complaint on each of the Wende Defendants, but each Summons and Complaint was returned to the U.S. Marshals Service with an Acknowledgment Form indicated service was not made.  *Id*. at ¶¶ 4-6.  Accordingly, Plaintiff seeks a court order permitting Plaintiff to serve the ECMC Defendants by service upon the "Office of Corporation Counsel of Erie County" whom Plaintiff presumes would represent each ECMC Defendant in this action, *id*. at ¶ 8, or, alternatively, a court order directing the Office of Corporation Counsel of Erie County provide Plaintiff with correct addresses at which to serve each of the ECMC Defendants.  *Id*. ¶ 9.  Plaintiff also seeks entry of default against the Wende Defendants.  *Id*. ¶ 11.

Preliminarily, insofar as Plaintiff moves for alternative service on ECMC Defendants, such service is unnecessary with regard to Defendants Dr. Bute and Dr. Asiedo who, as the court observes, Background and Facts, *supra*, at 4, are Wende

Defendants who appeared through counsel, *i.e.*, AAG Belka, in moving on December 11, 2020 for an extension of time to file an answer (Dkt. 19), and by joining in the answer filed by Wende Defendants on January 8, 2021 (Dkt. 21). Accordingly, the Motion for Alternative Service is DISMISSED as moot at to Dr. Bute and Dr. Asiedo. The motion is further without merit insofar as Plaintiff seeks entry of default against the Wende Defendants whose answer was timely filed on January 8, 2021 (Dkt. 21).

Service of process is governed by Fed.R.Civ.P. 4, and provides, as relevant here, in pertinent part "that '[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal . . . . Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis.'" *Nagy v. Dwyer*, 507 F.3d 161, 163 (2d Cir. 2007) (quoting Fed.R.Civ.P. 4)). *See also* Fed.R.Civ.P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). In the instant case, District Judge Wolford directed the Clerk of Court to cause the U.S. Marshal to serve copies of the Summons, Complaint, and the December 6, 2019 Order on all Defendants who were not dismissed from the action. Dkt. 8 at 33. Accordingly, Plaintiff's request for an order directing service by the U.S. Marshal is moot.

The docket indicates a summons was prepared for Defendant ECMC on June 16, 2020 and mailed on June 22, 2020 to ECMC at 462 Grider Street, Buffalo, New York 14215, see Dkt. 16 at 20, but was returned unexecuted on September 16, 2020. Dkt. 16 at 19-20. Plaintiff maintains service upon the ECMC Defendants at the Grider

Street address is appropriate because that is the ECMC Defendants' regular place of business.  Dkt. 17 ¶¶ 1-3.  As discussed, however, Discussion, *supra*, at 4-5, Defendants Dr. Bute and Dr. Asiedo are Wende Defendants and have already appeared in this action, rendering service on them unnecessary.  Further, ECMC is a New York State public-benefit corporation such that service on ECMC is not upon the Erie County Attorney, as Plaintiff maintains, Plaintiff's Motion for Alternative Service, Dkt. 17 at ¶¶ 8-9; rather, service on ECMC is pursuant to Fed.R.Civ.P. 4(h)(2) and 4(e)(1), which point to service pursuant to the law of the state where the district court is located, here, New York and, specifically, on the New York Secretary of State.  N.Y. C.P.L.R. § 311(a).  In light of Plaintiff's IFP status, the U.S. Marshals is directed to serve Defendant ECMC by the New York Secretary of State within 30 days of this Decision and Order.  *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (providing a district court has discretion, even in the absence of good cause, to extend the time for service of process).  Plaintiff's Motion for Alternative Service thus is GRANTED as to this aspect.

**2.     Motion for Counsel**

With regard to Plaintiff's request for appointment of counsel, under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The court must evaluate so-called "*Cooper* factors," *i.e.*, "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel."

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Particular attention must be paid to the merits of the plaintiff's claim.  *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Id.*  Additionally, for persons in custody, the court must also give weight to the plaintiff's lack of practical access to attorneys.  *Id.* at 173-74.

In the instant case, Plaintiff is incarcerated and in the custody of DOCCS, and has previously been granted leave to proceed IFP, thus meeting the threshold for appointment of counsel for Plaintiff.  Nevertheless, on balance, the *Cooper* factors weigh against appointing counsel at this time.  As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings."  *Cooper*, 877 F.2d at 173.  Plaintiff states that without appointment of counsel, he will be hampered in litigating this case because the issues are "very complex," Plaintiff's Reply ¶ 3, Plaintiff is not only in DOCCS custody but is housed in a segregated unit where his access to anyone with legal training is "extremely limited," *id.* ¶ 3, Plaintiff has tried, unsuccessfully, to obtain counsel several times, *id.* ¶ 4, and Plaintiff is a quadriplegic who depends on nursing staff to perform all activities of daily living such that without counsel, Plaintiff will have to use his mouth to prepare motion papers which is "very unhygenic."  *Id.* ¶ 5.   This is insufficient to warrant the appointment of counsel for several reasons.

In particular, despite Plaintiff's various assertions that he is physically limited in his ability to prepare papers, Plaintiff not only prepared the Complaint but also several motions and letters in support of this action, thus undermining Plaintiff's assertion that his unspecified physical limitations will unduly interfere with Plaintiff's pursuit of this matter.  Nor has Plaintiff established that he has a likelihood of success on the merits, a failure that underscores the unlikelihood that Plaintiff will be successful on the merits of any of his claims.  Accordingly, the balance of the factors set forth in *Cooper* thus weighs against appointment of counsel.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Alternative Service (Dkt. 17) is GRANTED in part and DISMISSED as moot in part; Plaintiff's motion for entry of default (Dkt. 17) is DENIED; Plaintiff's Motion for Counsel (Dkt. 29) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 28th, 2021
                   Buffalo, New York