UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE SHOMO,

              Plaintiff,　　　　　　**DECISION AND ORDER**

     v.　　　　　　　　　　　　1:18-CV-00916 EAW

STEWART T. ECKERT, *et al.*,

              Defendants.
_____

## INTRODUCTION AND BACKGROUND

Plaintiff Jose Shomo ("Plaintiff"), proceeding *pro se*, is a prisoner currently housed at Wende Correctional Facility ("Wende"). Plaintiff filed this action based upon alleged events occurring at Wende between 2015 and 2017. (Dkt. 1). The Court issued a Decision and Order dated March 14, 2024 ("March 14 D&O") resolving various pending motions and ultimately dismissing the action pursuant to Federal Rule of Civil Procedure 37(b)(2) and alternatively pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 76).

On March 28, 2024, Plaintiff filed a motion for reconsideration of the March 14 D&O. (Dkt. 78). Defendants filed a response in opposition. (Dkt. 82). Familiarity with the factual and procedural background of this matter is assumed for purposes of this Decision and Order.

For the reasons below, the Court denies Plaintiff's motion for reconsideration.

## DISCUSSION

Plaintiff seeks reconsideration of the March 14 D&O, claiming that Defendants prevented Plaintiff from submitting filings or responses to discovery by not granting him "the assistance needed to co[m]ply with the Court's orders" and that "the Court has failed to rule on all issues advanced b[y] Plaintiff." (Dkt. 78 at 1-2). Defendants oppose Plaintiff's motion, arguing that Plaintiff offers no basis for reconsideration. (Dkt. 82). The Court agrees with Defendants.

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As an initial matter, the Court addresses its jurisdiction to consider the pending motion. Plaintiff's motion was filed on March 28, 2024 (Dkt. 78), and on that same date he filed a notice of appeal from the March 14 D&O (Dkt. 79). Normally the filing of a notice of appeal would divest this Court of jurisdiction, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), but a timely motion under Rule 59(e) or Rule 60(b) typically means that any subsequent notice of appeal does not become effective until the order disposing of the motion under Rule 59(e) or Rule 60(b) is entered, *Biehner v. City of*

*N.Y.*, No. 19-CV-9646 (JGK), 2021 WL 5827536, at *2 (S.D.N.Y. Dec. 7, 2021) (citing Fed. R. App. P. 4(a)(4)(B)(i)). This principle has been extended to Rule 59(e) and Rule 60(b) motions filed after an appeal has been taken. *See Martinez v. Hasper*, No. 15-CV-5724 (EK)(LB), 2022 WL 118720, at *1 (E.D.N.Y. Jan. 12, 2022) ("District courts in the Southern and Eastern Districts of New York have generally concluded that they have jurisdiction to resolve timely filed motions under Rule 59(e) and Rule 60(b) even where a notice of appeal is filed before one of those motions."). Alternatively, the Court would have the ability to address the pending motion by issuing an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. Thus, even though Plaintiff's notice of appeal was filed on the same date, the Court may consider the pending motion.

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir.

1989)), *aff'd*, 594 F. App'x 25 (2015). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

As to Plaintiff's argument that Defendants somehow frustrated his ability to respond to discovery (*see* Dkt. 78 at 1), the Court previously rejected the argument that Plaintiff could not comply with court orders and respond to Defendants' discovery requests as not credible and plainly contradicted by Plaintiff's voluminous filings in this case (Dkt. 76 at 15-17). The Court concluded that Plaintiff unilaterally elected to ignore his obligations to comply with Defendants' discovery demands (*id.* at 17) and nothing that Plaintiff has presented in connection with the pending motion alters that conclusion. In fact, Plaintiff admits in the pending motion that he has been provided with needed assistance since March 2023 (Dkt. 78 at 2), and yet it was Judge Foschio's March 30, 2023 Decision and Order with which Plaintiff willfully failed to comply (Dkt. 76 at 15).

To the extent Plaintiff seeks reconsideration based on the Court's alleged failure to rule on all issues pertaining to his strikes (Dkt. 78 at 2-3), any such argument is irrelevant because the Court denied the motion to dismiss based on Plaintiff's strikes (Dkt. 76 at 6-10). This litigation was not dismissed because of Plaintiff's strikes, but rather because of his willful failure to comply with court orders, respond to discovery, and prosecute this action.

Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice, Plaintiff's motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 78) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 4, 2024
       Rochester, New York